## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT GABLER,<br>        Appellant, | DOCKET NUMBER<br>DA-0752-21-0146-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE: April 2, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tyler J. Sroufe, Esquire, and Veronica Harte, Esquire, Dallas, Texas, for
    the appellant.

Nora E. Hinojosa, Fort Cavazos, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which
sustained his reduction in grade and pay. Generally, we grant petitions such
as this one only in the following circumstances: the initial decision contains
erroneous findings of material fact; the initial decision is based on an erroneous
interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.[2] Except as expressly MODIFIED to clarify that the appellant did not waive his due process claim, we AFFIRM the initial decision.

In an appeal of an adverse action under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service. *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); 5 C.F.R. § 1201.56(b)(1)(ii). To meet this burden, the agency must prove its charge, establish a nexus between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997). However, even if the agency carries this burden, the action may not be sustained if the appellant shows that it was the product of a due process violation or harmful procedural error. 5 U.S.C. § 7701(c)(2)(A); *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991); *see* 5 C.F.R. § 1201.56(b)(2)(i)(C).

---

[2] In its response, the agency requests that the Board revoke the extension of time granted to the appellant to file his petition for review and find it untimely filed. Petition for Review File, Tab 5 at 4. It alleges that the appellant misrepresented his need for an extension before the Board. *Id.* Pursuant to 5 C.F.R. § 1201.114(f), the Board has the discretion to grant such motions that are filed on or before the date on which the petition is due. Because the appellant requested an extension of time on February 22, 2022, and his petition for review was due by March 9, 2022, we discern no basis to revoke his extension. Thus, the agency's request is DENIED.

On petition for review, the appellant challenges the administrative judge's finding that he waived his due process claim because he failed to object to the issue in the order closing the record. Petition For Review (PFR) File, Tab 3 at 15-16; Initial Appeal File (IAF), Tab 34, Initial Decision at 4 n.6. Specifically, he asserts that "[he] did not learn of these due process violations until reading the [a]gency's [r]esponse to [the] [c]lose of [r]ecord [o]rder, and as such, could not have raised this issue prior to his [r]esponse to the [a]gency's [c]lose of [r]ecord [b]rief, submitted on July 28, 2021." PFR File, Tab 3 at 15.

We acknowledge that the appellant did not object to the absence of this affirmative defense in the administrative judge's order closing the record. However, before the close of the record below, the appellant raised the issue that the agency presented new evidence in its response to the closing order dated July 21, 2021. IAF, Tab 31 at 6-7. Therefore, as the administrative judge observed, pursuant to 5 C.F.R. § 1201.59(c), the appellant must be allowed to respond to the new evidence submitted by the agency just before the close of the record. IAF, Tab 21 at 1. We find that he acted with due diligence in raising his argument at the earliest practicable time under the circumstances; thus, we will address it on review.

The essential requirements of procedural due process are prior notice of the charges and evidence against the employee and a meaningful opportunity to respond to those charges and evidence. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Pursuant to *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999), a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decision on the merits of a proposed charge or the penalty to be imposed. *Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 6 (2015). Therefore, an employee must be given advance notice of any aggravating factors supporting an enhanced penalty as well as a meaningful

opportunity to address whether the level of penalty to be imposed is appropriate. *Ward*, 634 F.3d at 1280; *Stone*, 179 F.3d at 1376.

The appellant argued below and reasserts on review that the agency violated his due process rights when the agency "identifie[d] and reference[d] instances [that were] not included in the [p]roposal [l]etter where [he] allegedly failed to follow instructions and meet deadlines" and the deciding official consulted his first-line supervisor prior to issuing the decision letter. PFR File, Tab 3 at 15-16; IAF, Tab 31 at 6-7. The appellant appears to construe some of the agency's statements as an admission that it considered information not identified in the proposal.[3] PFR File, Tab 3 at 15-16; IAF, Tab 31 at 6-7. However, there is no indication in the record that the deciding official relied on any specifications of misconduct not identified in the proposal to change him to a lower grade. Further, the appellant's vague assertion that the deciding official considered ex parte information because he consulted with his first-line supervisor prior to issuing the decision is unavailing. Therefore, we find that the appellant has not shown that the agency violated his right to due process.[4]

For the foregoing reasons, we affirm the initial decision sustaining the appellant's reduction in grade and pay, as modified by this Final Order.

---

[3] Upon reviewing the record, we believe that the appellant is referring to the agency's statements that, amongst other things, it could have added more specifications to the proposal notice, the events at issue occurred after the appellant served a 14-day suspension which involved other incidents, and he was fully aware through numerous verbal and email notices that his conduct was unacceptable. IAF, Tab 29 at 11, 21, 24. We are not persuaded by the appellant's purported evidence.

[4] Although the agency's conduct did not constitute a constitutional violation, the Board must still decide whether the agency committed a harmful error. *See Ward*, 634 F.3d at 1281-83. Under 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision." The record does not support a finding that the agency committed a harmful error.

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            *Gina K. Grippando*

                                       _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.